

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-91,330-01

**EX PARTE TEODORO GARZA, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. D-1-DC-17-203397-A IN THE 403RD DISTRICT COURT FROM TRAVIS COUNTY

*Per curiam.*

### O R D E R

Applicant pleaded guilty to driving while intoxicated and was sentenced to four years' imprisonment. He did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he is being denied due process in the parole revocation process. Applicant alleges that while out on parole he was arrested for a new charge of driving while intoxicated. A parole revocation warrant was issued and executed, but Applicant has been held for more than 41 days without a parole revocation hearing and without being formally charged with the new offense. Applicant alleges that he did not waive his right to a revocation hearing. He does not

state whether or not he has been afforded a preliminary hearing pursuant to Section 508.2811 of the Texas Government Code.

Applicant has alleged facts that, if true, might entitle him to relief. *Morrissey v. Brewer*, 408 U.S 471, 488, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order the Board of Pardons and Paroles's Office of the General Counsel to obtain a response from a person with knowledge of relevant facts. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact as to whether Applicant has been advised of his rights in the revocation process, whether he requested or has received a preliminary hearing, and whether he has received a final revocation hearing. The trial court shall make findings of fact as to whether Applicant was arrested for a new offense, and if so, whether he has been formally charged with a new offense. The trial court shall make findings of fact and conclusions of law as to whether Applicant is being afforded due process in the parole revocation process. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things,

affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.


Filed:  September 16, 2020
Do not publish